# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED

JUL 1 6 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

WAYNE H. NORMAN,

Plaintiff,

v.

NATIONAL CREDIT MANAGEMENT,

Defendant.

13CV5079
Judge Nordberg
Mag. Judge Keys

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, NATIONAL CREDIT MANAGEMENT, and Plaintiff states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*,.

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

1

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in the county of Cook, Forest Park, Illinois.

5. NATIONAL CREDIT MANAGEMENT, (hereinafter, "NCM") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is located at 10845 Olive Blvd, St. Louis, Missouri 63141, whose primary business is student loan debt collection from consumers.

## ALLEGATIONS OF FACT

6. Plaintiff has received numerous phone calls from Defendant to his cellular telephone seeking to collect an alleged debt.

7. Plaintiff has documented at least six (6) unauthorized phone calls from the Defendant throughout the month of June 2013.

8. Plaintiff is not in privy with Defendant, and does not owe Defendant any money.

9. Plaintiff has never provided his cell phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any third party.

10. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

11. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

12. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to the Defendant.

13. Plaintiff received the initial phone call on or about June 12th, 2013. Plaintiff was unfamiliar with the number and allowed the call to proceed to his voice mail.

14. The Defendant left no message. Plaintiff decided to call the number back. After a short period of listening to prerecorded messages describing payment options and other services offered, a representative named 'Kim' came on the line. Plaintiff told the rep that he received a phone call from this number to his cell phone, and asked the rep to explain to him the reason for the call. The rep asked Plaintiff if he was "Ellen Hurst", or did he know her? Plaintiff told the rep that he's not "Ellen Hurst" nor does he know her. The rep apologized and told Plaintiff that she would take his cell number out of the "call system".

15. However, the Defendant continued to call Plaintiffs cellular phone. Plaintiff received calls on June 15th, 2013, June 17th, 2013, June 18th, 2013, June 19th, 2013, and June 21st, 2013. Each time the Defendant called, no message was left.

16. Plaintiff never consented to, requested, or otherwise desired or permitted, these annoying calls to his cellular phone from the Defendant for the purpose of debt collection or any other purpose.

## COUNT I
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) approximately six (6) times.

19. The phone calls were made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

20. Defendant utilized a predicative dialer to place calls to Plaintiff's cellular phone and without human intervention. Defendant's equipment qualifies as

4

a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

21. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

22. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

- Statutory damages;
- Such other and further relief as the Court deems proper.

Respectfully submitted,

Wayne H. Norman
509 Elgin Apt. 1
Forest Park, Illinois 60130
whnorman@hotmail.com

5